## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| DAVID ATREYEL CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:16-02058 |
| | ) | |
| JOE COAKLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On March 3, 2016, Petitioner, acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTS AND PROCEDURE

1. **Criminal Action No. 5:09-00113:**

On December 14, 2009, the United States District Court for the Eastern District of Kentucky sentenced Petitioner to a 24-month term of imprisonment, to be followed by a three-year term of supervised release, following his conviction for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Campbell, Case No. 5:09-cr-00113 (E.D.Ky. Dec. 14, 2009). Petitioner's term of supervised release commenced on October 17, 2011. Id.,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document 32. United States Probation Officer Jon R. Rapier filed a Petition for Warrant for Offender Under Supervised Release on September 11, 2012, and the Petition was granted by the District Court on September 12, 2012. Id. On May 30, 2013, the District Court revoked Petitioner's term of supervised release and imposed a term of imprisonment for "6 months to be served consecutively to the sentence imposed in the U.S. District Court case number 5:12-cr-79-KKC-3. No supervision to follow." Id., Document No. 38 and 39.

On February 27, 2015, Petitioner filed a Motion to Amend or Correct Judgment requesting that the sentence be clarified so that he may receive early release under RDAP. Id., Document No. 43.  On June 25, 2015, the District Court denied in part and granted in part Petitioner's Motion. Id., Document No. 44. To the extent Petitioner was requesting that his Judgment be amended, the District Court denied his Motion. Id. To the extent Petitioner was requesting clarification, the District Court granted his motion stating that Petitioner "is not currently incarcerated for any firearms offense." Id. The District Court, however, noted that Petitioner was serving a term of imprisonment based upon the violation of the terms of his supervised release on the 2009 gun charge. Id.

**2.      Criminal Action No. 5:12-00079:**

On October 25, 2012, Petitioner pled guilty in the Eastern District of Kentucky to one count of "Conspiracy to Distribute 28 Grams or More of Cocaine Base" in violation of 21 U.S.C. § 846; and one count of "Distribution of Cocaine" in violation of 21 U.S.C. §§ 841(a)(1). United States v. Campbell, Case No. 5:12-cr-00079 (E.D.Ky. May 31, 2013), Document No. 245. On May 31, 2013, the District Court sentenced Petitioner to a total term of 66 months imprisonment, to be followed by a four-year term of supervised release. Id., Document No. 644. Petitioner did

2

not appeal his conviction or sentence.

On March 5, 2015, Petitioner filed a Section 3582(c)(2) Motion arguing that he was entitled to a sentence reduction based on Amendment 782 of the United States Sentencing Guidelines. Id., Document No. 1063. By Order entered on May 20, 2015, the District Court denied Petitioner's Section 3582(c)(2) Motion. Id., Document No. 1085. Petitioner filed his Appeal to the Sixth Circuit Court of Appeal. Id., Document No. 1091. Subsequently, the United States filed a Motion to Remand. Id., Document No. 1159. In its Motion, the United States conceded that Petitioner was eligible for a Section 3582(c)(2) sentence reduction but requested remand to the District Court for consideration as whether such a reduction was appropriate under 18 U.S.C. § 3553(a) factors. Id. By Order filed on February 22, 2016, the Sixth Circuit granted the United States' Motion for Remand. Id. By Memorandum Opinion and Order entered on March 23, 2016, the District Court considered the factors set forth in Section 3553(a) and denied Petitioner's Section 3582 Motion. Id., Document No. 1168. Petitioner filed his Notice of Appeal on April 11, 2016. Id., Document No. 1173. Petitioner filed his Appellant Brief on May 18, 2016. United States v. Campbell, Case No. 16-5450 (6th Cir.), Document No. 6. The United States filed their Brief on June 23, 2016, and Petitioner filed his Reply on July 14, 2016. Id., Document Nos. 8 and 9. The appeal is currently pending before the Sixth Circuit.

**3.     Instant Section 2241 Petition:**

On March 3, 2016, Petitioner filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner argues that he is being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621. (Id.) Petitioner explains that he completed the Residential Drug Abuse Program ["RDAP"], but

was notified by BOP officials that he had been denied early release. (Id., p. 4.) Petitioner contends that the BOP improperly determined that he has a current offense conviction for a firearm. (Id., p. 4 - 7.) Although Petitioner acknowledges that he has a prior Felon in Possession of Firearm conviction, Petitioner contends that his current conviction involves a non-violent drug offense. (Id.) Petitioner explains that on August 16, 2012, he was sentenced to 66-months for one count of Conspiracy to Distribute Cocaine Base and one count of Distribution of Cocaine. (Id., p. 3.) Petitioner states that on the same day, he was sentenced to 6 months for violating the terms and conditions of his supervised release regarding his Felon in Possession conviction. (Id.) Petitioner acknowledges that this sentence was ordered to run consecutive to his 66-month sentence. (Id.) Petitioner, however, argues that the BOP has improperly denied his "early release by concluding that the [supervised release] violation aggregates the sentence and precludes eligibility because the [supervised release] in which he violated was for felon in possession of a firearm." (Id., p. 5.) Petitioner asserts that since his "sentence for which he was serving [supervised release] predates the instant offense of conviction for drug offenses, it cannot be used under P.S. 5162.05 to preclude early release on the basis of relation to those offenses." (Id.) Finally, Petitioner argues that the BOP "is without discretion in this instant case, according to its own cited policies, to deny early release by using a [supervised release] violation as an aggregate sentence." (Id., pp. 6 - 7.)

As Exhibits, Petitioner attaches the following: (1) A copy of Administrator Ian Connors' Response to Administrative Remedy No. 795055-A1 dated October 13, 2015 (Document No. 1-1.); (2) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated December 21, 2014 (Document No. 1-2.); (3) A copy of Petitioner's "Request for Administrative

Remedy Informal Resolution Form" dated July 7, 2015 (Document No. 1-3.); (4) A copy of United States District Judge Karen K. Caldwell's "Opinion and Order" as filed on June 25, 2015, in Criminal Action No. 5:09-00113 (Document No. 1-4.); and (5) A copy of Petitioner's "Judgment in a Criminal Case" as filed in the Eastern District of Kentucky in Criminal Action No. 5:12-00079 (Document No. 1-5.).

By Order entered on March 7, 2016, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 4.) On March 21, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied because "Petitioner is precluded from early release consideration." (Id.)

As Exhibits, Respondent attaches the following: (1) The Declaration of Sharon Wahl (Document No. 7-1, pp. 2 - 3.); (2) A copy of Petitioner's "Judgment in a Criminal Case" regarding Criminal Action No. 5:12-00079 (Id., pp. 5 - 10.); (3) A copy of Petitioner's "Judgment in a Criminal Case" regarding Criminal Action No. 5:09-cr-00113 (Id., pp. 12 - 13.); (4) A copy of Sentry Public Information Inmate Data as of March 16, 2016 (Id., pp. 15 - 20.); (5) A copy of Petitioner's "Request for § 3621(e) Offense Review" (Id., pp. 22 - 23.); and (6) A copy of Administrative Remedy Id No. 795055 (Id., pp. 25 - 34.).

On May 9, 2016, Petitioner filed a "Motion to Enforce Order." (Document No. 8.) In his Motion, Petitioner requested that this Court compel Respondent to respond to the Court's "Order to Show Cause" entered on May 7, 2016 (Document No. 4). (Id.) Petitioner stated that "Respondent has failed to comply with this Court's order, and has not filed for an extension of

time to file its reply." (Id.) By Order entered on May 10, 2016, the undersigned noted that Respondent had filed a Response to Petitioner's Petition and denied Petitioner's "Motion to Enforce Order." (Document No. 9.) The undersigned further ordered the Clerk to send Petitioner a copy of Respondent's "Response to Order to Show Cause" and directed Petitioner to file any Reply to Respondent's Response by June 10, 2016. (Id.) Petitioner has failed to file a Reply.

## DISCUSSION

**1.     Petitioner's Provisional Eligibility for Early Release Under Section 3621(e).**

Petitioner asserts that the BOP erred by considering his firearm conviction when determining whether he qualified for early release under the RDAP. (Document No. 1.) First, Petitioner contends that the BOP erred in considering his firearms conviction because his supervised release violation is separate from his original conviction (felon in possession of a firearm). Second, Petitioner contends that his firearms conviction is a prior conviction because he is currently in custody based upon non-violent drug convictions.

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

**(2) Incentive for prisoner's successful completion of treatment program. - -**

 **(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.

 **(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. Title 28 C.F.R. § 550.55[2]

---

[2] Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

 (a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
  (1) Were sentenced to a term of imprisonment under either:

   (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or

   (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and

  (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

 (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early

7

provides in part that inmates who have a "current felony conviction" for an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement [P.S.] 5162.05 stating that inmates whose current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. Accordingly, 28 C.F.R. § 550.55 precludes any inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

Although Petitioner contends that the BOP did not have authority to classify his firearm

---

release:

&ast; &ast; &ast;

(5) Inmates who have a current felony conviction for:

&ast; &ast; &ast;

(ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

(iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

&ast; &ast; &ast;

(c)   Early release time-frame.

(1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;

(2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;

(3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

8

conviction as a "current felony conviction" rendering him ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define "convicted of a non-violent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05, represents a reasonable interpretation of the statute.

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id.; also see Barber v. Thomas, 560 U.S. 474, 130 S.Ct. 2499, 2509, 177 L.Ed.2d 1 (2010)(finding no need to analyze the BOP's interpretation of the statute under the second level of the *Chevron* analysis where the BOP applied the statute as it is most naturally read and in accordance with the statute's purpose.) If Congress' intent is not clear, however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Chevron, supra, 467 U.S. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only

"entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also Hogge v. Wilson, 648 Fed.Appx. 327, 330 (4th Cir. 2016)(citing, Knox Creek Coal Corp. v. Sec'y of Labor, Mine Safety & Health Admin., 811 F.3d 148, at 160 (4th Cir. 2016)(BOP program statements are not entitled to *Chevron* deference but are entitled to some deference under the *Skidmore*-deference framework, which is deference "to the BOP's method 'to the extent it has the 'power to persuade.'"); Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter *de novo*. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant Chevron-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

Christensen, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); see also United States v.

10

Mead Corp., 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some deference" or "respect proportional to 'its power to persuade.'"). Recently, the Fourth Circuit determined that interpretations contained in BOP programs statements are "worthy of our respect under the *Skidmore*-deference framework [and] "[w]e therefore will defer to the BOP's method 'to the extent it has the 'power to persuade.'" See Hogge, supra, 648 Fed.Appx. at 330(citations omitted).

The BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA and therefore, the undersigned finds that the interpretation is entitled substantial deference. Program Statements 5162.05, however, is not subject to the APA and therefore, is entitled to respect to the extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's interpretations of Section 3621(e) and P.S. 5162.05 are "permissible constructions of the statute" and are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . .*may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment. See Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-violent offense" language, however, was inserted to ensure that inmates likely to commit violent crimes do not receive early release. Id. Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any

11

further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the <u>Chevron</u> analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates who have a "current felony conviction" involving the "carrying, possession, or use of a firearm" should not be rewarded with a one-year early release. <u>See</u> 28 C.F.R. § 550.55, P.S. 5162.05, P.S. 5331.02.

First, Petitioner contends that the BOP improperly interpreted "current felony conviction" to include his supervised release violation, which Petitioner argues is separate from his predicate conviction (felon in possession of a firearm). Specifically, Petitioner states that the supervised release violation did not involve the use or possession of a firearm. In the instant case, the BOP determined that Petitioner is ineligible for early release because his current conviction was for being a felon in possession of a firearm. Petitioner disputes the BOP's determination citing an Order from the sentencing judge stating that Petitioner "is not currently incarcerated for any firearms offense," but noting that Petitioner was serving a term of imprisonment based upon the violation of the terms of his supervised release on a 2009 felon in possession of a firearm charge. It is well recognized that when a defendant is returned to prison after a violating his supervised release, it is the original sentence that is executed. <u>Johnson v.</u>

United States, 529 U.S. 694, 700, 120 S.Ct. 1795, 1800, 146 L.Ed.2d 727 (2000)("postrevocation sanctions [are] part of the penalty for the initial offense"); United States v. Thomas, 224 Fed. Appx. 876, 877 (11th Cir. 2007)(citation omitted)("[R]evocation of probation is part of a defendant's original sentence because 'revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence.'"); United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998)("Because the conduct underlying the revocation of [defendant's] supervised release formed the basis of [his] incarceration, it follows that his incarceration for violating the terms of his supervised release was by reason of his [original] conviction."); United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995)("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation."); United States v. Paskow, 11 F.3d 873, 881-83 (9th Cir. 1993)("[I]t is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release."); Stewart v. Sanders, 2011 WL 5870547, * 3 (C.D.Cal. Oct. 12, 2011)("Because re-imprisonment upon revocation of supervised release is simply a reinstatement of the sentence for the underlying crime, the original conviction from which a term of supervised release arises is a 'current' conviction for purposes of RDAP early-release eligibility."). The undersigned, therefore, finds that the BOP's interpretation is reasonable and permissible.

Next, Petitioner contends that the BOP improperly interpreted "current felony conviction" to include his firearm conviction. Petitioner explains that he was ordered to serve consecutive sentences concerning his non-violent drug convictions and his supervised release

violation concerning his felon in possession of a firearm conviction. Petitioner contends that the BOP improperly "aggregates" the supervised release violation with the non-violent drug convictions to deny Petitioner early release. In the instant case, the BOP determined that Petitioner's "current offense conviction for Possession of Firearms by Convicted Felon (Docket No. 5:09-CR-113-KSF-1), in violation of 18 U.S.C. § 922(g), precludes inmate from early release eligibility." (Document No. 7-1, p. 22.) The BOP explained as follows:

> Inmate is precluded pursuant to the above cited regulations [28 C.F.R. § 550.55(b)(5)(ii) and (iii)], as well as section 4.e of P.S. 5162.05. Note: In accordance with 18 U.S.C. § 3584(c) and P.S. 5880.28, inmate's sentences in Docket No. 5:09-CR-113-KSF-1 and Docket No. 5:12-CR-79-KKC-3 were aggregated. Accordingly, all offenses of conviction that comprise those sentences are considered "current offenses."

(Id.) Although Petitioner challenges the BOP's action of aggregating his sentences, Title 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The undersigned, therefore, finds that the BOP's interpretation is reasonable and permissible. See Johnson v. Holinka, 2007 WL 1446476, * 4 (D.Minn. May 14, 2007)(rejecting petitioner's argument that "once he completes the term for the firearm offense, it should no longer disqualify him from a reduction of his remaining term.") Thelen v. Cross, 2014 WL 51642, * 4 (S.D.Ill. Jan. 7, 2014)(finding that the BOP acted within its discretion when the BOP refused to "de-aggregate" petitioner's sentences so that he could receive early release under RDAP).

**2.**   **No Liberty Interest in RDAP Placement or to Early Release:**

To the extent Petitioner alleges that his constitutional rights were violated because he was entitled to receive a reduced sentence for his participation in the RDAP program, the

undersigned will briefly consider his claim. The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. See U.S. Const. amend. V. In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, petitioner must first demonstrate that he had a protected liberty interest. The fact of conviction and imprisonment implies the inmate's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP,

Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, supra, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez, supra, 531 U.S. at 232, 121 S.Ct. at 718. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse

16

treatment program.[3] See Lopez, 531 U.S. at 240, 121 S.Ct. at 721(Affirming that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, supra, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Further, Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91

---

[3] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.05), nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[4] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days

---

[4]   Even upon completion of RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

(fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: January 18, 2017.

Omar J. Aboulhosn
United States Magistrate Judge